UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON ORDOYNE | CIVIL ACTION |
| VERSUS | NO. 15-3052 |
| OCTOPUS TOWING, L.L.C. | SECTION I |

### ORDER AND REASONS

The Court has pending before it (1) plaintiff's motion[1] to exclude cumulative expert testimony, (2) defendant's motion[2] to exclude plaintiff's liability expert, and (3) defendant's motion[3] for partial summary judgment with respect to plaintiff's Jones Act and unseaworthiness claims. These motions were filed before the Court continued the trial date in the above-captioned matter and issued a revised scheduling order containing revised dates for disclosure of expert reports.[4]

This matter arises out of an alleged maritime personal injury to plaintiff, a deckhand, during the transfer of wire rigging between a vessel and a barge. According to the account plaintiff gave at his deposition, plaintiff was on a fleet vessel approximately eight feet above the deck of a barge where his co-worker was standing.[5] Plaintiff stated at his deposition that the co-worker lifted a coil of wire rigging above his head and that plaintiff "had to get on [his] hands and knees and bend basically over the front of the boat to grab the wire to pull it up."[6] When he did, he felt a groin pull

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 21.
[3] R. Doc. No. 22.
[4] R. Doc. No. 43.
[5] R. Doc. No. 25-2, at 67-68, 71-72.
[6] R. Doc. No. 25-2, at 68.

and his stomach and lower back started hurting.[7] The record reflects that the wire rigging weighed sixty to seventy pounds.[8]

Plaintiff stated that a "J-hook" tool "normally used" to transfer rigging was not available on his vessel.[9] Plaintiff submits excerpts from defendant's "Safety Management Manual" directing employees to "Lift rigging by using your legs, not your back" and that "When handing rigging from one person to another, make sure that the receiving person has proper footing and that rigging is handed over in a safe manner."[10]

**A.     Plaintiff's Motion to Exclude Cumulative Expert Testimony**

Plaintiff represents that defendant intends to call Captain John Sutton as a marine liability expert and Dr. Richard Bunch as an ergonomics expert; according to plaintiff, such testimony will overlap and be unduly cumulative.[11] Defendant opposes the motion, contending that the two experts will offer different opinions with different bases based on their independent application of separate methodologies and areas of expertise.[12] Neither party submitted any expert report or other materials disclosing the substance of either witness's anticipated testimony.

Pursuant to Rule 403 of the Federal Rules of Evidence, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." The Fifth Circuit "discourage[s] attorneys from parading additional experts before the court in the hope that the added testimony will improve on some element of the testimony

---

[7] R. Doc. No. 25-2, at 68.
[8] R. Doc. No. 25-4, at 133.
[9] R. Doc. No. 25-2, at 87-88.
[10] R. Doc. No. 25-5, at 2.
[11] R. Doc. No. 20-1, at 3-4.
[12] R. Doc. No. 23, at 3-4.

by the principal expert" but does not "impose a precise limit on the number of experts who can testify in a given area." *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989).

The Court is not persuaded at this time, and without the benefit of either expert's written report, that the anticipated expert testimony challenged by plaintiff will be needlessly cumulative. The cases plaintiff cites address proposed testimony by experts in the same field and, therefore, such cases are not obviously pertinent to the testimony that could be proffered by a marine liability expert and an ergonomics expert. *Cf. Howard v. Offshore Liftboats, L.L.C.*, No. 13-4811, 2016 WL 483164, at *3 (E.D. La. Feb. 5, 2016) (Morgan, J.) (denying motion to exclude as cumulative expert testimony by a psychiatrist and a neuropsychologist). At trial the Court will be in a better position to decide any specific renewed objections on the basis of cumulative testimony.

**B.     Defendant's Motion to Exclude Plaintiff's Liability Expert**

Defendant moves to exclude plaintiff's liability expert, Ronald Campana, on two grounds: (1) plaintiff did not timely provide a report, and (2) Mr. Campana's testimony will not assist the trier of fact.[13] Because the deadline for plaintiff to provide expert reports has been extended to June 3, 2016,[14] the Court declines to exclude Mr. Campana's testimony on the basis of any prior delay in providing his expert report. Furthermore, without knowing what Mr. Campana's testimony will be, the Court cannot categorically determine that such testimony will not assist the trier of fact in this matter. Accordingly, the motion should be denied without prejudice to defendant's right to renew a more specific objection at trial.

---

[13]R. Doc. No. 21-1, at 1.
[14]R. Doc. No. 43, at 1.

**C.     Defendant's Motion for Partial Summary Judgment**

Defendant contends that summary judgment should be granted with respect to plaintiff's claims for Jones Act negligence[15] and unseaworthiness.[16] Having reviewed the arguments and the summary judgment evidence, the Court finds that there are genuine issues of material fact which preclude summary judgment. Those issues include, among other questions, (1) whether reaching down from hands and knees to lift sixty or seventy pounds of wire rigging was safe, routine, or consistent with defendant's safety manual, (2) the extent and content of plaintiff's training, and (3) the availability of a "J-hook" as a preferable or safer alternative.[17] Accordingly,

**IT IS ORDERED** that plaintiff's motion to exclude expert testimony and defendant's motion to exclude plaintiff's liability witness are **DENIED WITHOUT PREJUDICE** to either party's right to object at trial.

---

[15] Pursuant to the Jones Act, "[a]n employer has a continuing duty to provide a reasonably safe place to work and to use ordinary care to maintain the vessel in a reasonably safe condition." *Lett v. Omega Protein, Inc.*, 487 F. App'x 839, 843 (5th Cir. 2012). This duty can implicate "negligence questions related to maintaining reasonably safe equipment and appliances [and] requiring unreasonably dangerous work or unsafe work methods." 1 Thomas J. Schoenbaum, Admiralty & Mar. Law § 6-22 (5th ed. 2015).

[16] "A vessel is unseaworthy if the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used." *Glaze v. Higman Barge Lines, Inc.*, 611 F. App'x 227, 228 (5th Cir. 2015) (internal quotation marks omitted). "Unseaworthiness may arise from a variety of conditions–the vessel's gear might be defective, her appurtenances in disrepair, her crew unfit." *Id.* (internal quotation marks omitted). "An inadequate, understaffed, or ill-trained crew may also beget liability." *Id.* (internal quotation marks omitted). An unsafe work method can render a vessel unseaworthy. *See id.* at 229.

[17] Contrary to defendant's argument, the Court finds that plaintiff's statement of contested material facts, R. Doc. No. 25-1, sufficiently complies with Local Rule 56.2.

**IT IS FURTHER ORDERED** that defendant's motion for partial summary judgment is **DENIED**.

New Orleans, Louisiana, April 12, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**